Cynthia **ARMSTRONG, Individually, As the Surviving Parent and Heir of Robert Armstrong, Plaintiff,**

v.

**The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Defendant.**

**Civ. A. No. W–93–CA–055.**

United States District Court, W.D. Texas, Waco Division.

Feb. 7, 1994.

Fred M. Johnson, Jr., Pakis, Giotes, Beard & Page, Waco, TX, for plaintiff.

Larry O. Brady, Naman, Howell, Smith & Lee, P.C., Waco, TX, for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

This diversity action arises out of the death of Robert Armstrong, who was a passenger in a car that was hit by a train at a railroad crossing in Killeen, Texas. The Plaintiff asserts that the Defendant was negligent in the operation of its train at the time of the accident. The Defendant moves for partial summary judgment as to any claim that the train was travelling at an excessive rate of speed.

Both parties agree that a claim of negligence against a railroad based upon excessive speed is preempted by the Federal Railroad Safety Act ("FRSA"). Title 45, United States Code, Section 434 ("45 U.S.C. § 434"); *CSX Transportation, Inc. v. Easterwood,* —— U.S. ——, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993). However, Plaintiff asserts that the following claim in her Amended Complaint is not preempted:

> Failure of Defendant THE ATCHISON TOPEKA & SANTA FE RAILWAY COMPANY'S employees, agents or representatives charged with operation of the train to slow or stop the train to avoid a specific, individual hazard, specifically a grade crossing in a high vehicular traffic area which was not equipped with an automatic gate with flashing light signals.

In a footnote, the *Easterwood* court specifically noted that its opinion did not address the preemptive effect of the FRSA upon claims based upon breaches of related tort law duties, "such as the duty to slow or stop a train in order to avoid a *specific, individual hazard.*" *Id.,* —— U.S. at ——, n. 15, 113 S.Ct. at 1743, n. 15 (emphasis added).

The FRSA preempts any state "law, rule, regulation, order, or standard relating to railroad safety." 45 U.S.C. § 434. "Legal duties imposed on railroads by the common law fall within the scope of these broad phrases." *Easterwood,* —— U.S. at ——, 113 S.Ct. at 1737. Accordingly, state common law claims of negligence may be preempted if they attempt to impose additional regulations in an area already occupied by the FRSA or its accompanying regulations. The Plaintiff asserts that the condition of the crossing where the accident occurred was such that the Defendant's employees should have oper-

ated the train at a slower speed. However, the *Easterwood* court noted that the regulations promulgated to enforce the FRSA "should be understood as covering the subject matter of train speed with respect to track *conditions,* including the *conditions posed by grade crossings.*" *Id.* at ——, 113 S.Ct. at 1743 (emphasis added). The related safety regulations were adopted "only after the hazards posed by track *conditions* were taken into account." *Id.* at ——, 113 S.Ct. at 1742 (emphasis added). If the Court were to follow Plaintiff's argument, the *Easterwood* opinion would have no meaning, because it would allow state tort law to determine the maximum speed at a particular crossing based upon conditions already considered by Secretary of Transportation.

The "specific, individual hazard" identified by the *Easterwood* court logically relates to the avoidance of a specific collision. The language from Petitioner's brief upon which the court relies concedes that a breach of the state law duty to stop or slow a train "if possible to avoid a collision" would not be preempted by the FSRA. Exhibit "A" to Defendant's Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment. The holding in *Missouri Pacific R. Co. v. Lemon,* 861 S.W.2d 501 (Tex.App.– Houston [14th Dist.] 1993, application for writ pending) is not inconsistent with this interpretation. Liability was imposed in the *Lemon* case, in part, because the train engineer failed to reduce his speed even though his vision of an upcoming crossing was obscured by a number of "illegally and improperly parked tank cars." *Id.* at 510. As the court noted, "The improper parking of tank cars which obstruct the view of a crossing is not a hazard which the Secretary took into consideration when determining train speed limits under the FRSA." *Id.* Plaintiff's claims, however, specifically relate to conditions which were taken into consideration by the Secretary. As such, they are preempted by the FRSA. Accordingly, it is

**ORDERED** that Defendant's Motion for Partial Summary Judgment is **GRANTED.**