696 So.2d 1 (1997)
The WESTERN COMPANY OF NORTH AMERICA, Plaintiff-Appellee,
v.
DYNASTY TRANSPORTATION, INC., Shelton Joseph Zenon and Certain Underwriters at Lloyds's London, Defendants-Appellants.
No. 96-877.
Court of Appeal of Louisiana, Third Circuit.
May 7, 1997.
Michael J. Juneau, Lafayette, for The Western Company of North America.
T.C.W. Ellis, Winston Edward Rice, Paul Newman Vance, Mary Elizabeth Kerrigan, New Orleans, for Dynasty Transportation, Inc., et al.
John Edmund McElligott, Jr., Kyle Liney Mark Gideon, Lafayette, for National Railroad Passenger Corp., etc.
Gary Clifford Ethridge, Susan Gail Stafford, William E. Crawford, Jr., Baton Rouge, for State, Through DOTD.
George Narcisse Bischof, Jr., Chalmette, Russ Michel Herman, New Orleans, for Dean Schwab.
Carol Stookey Hunter, Rayne, for Parish of Acadia.
Kevin Wade Trahan, for Acadian Ambulance.
Robert Johnston Carter, Greensburg, for Audrell Wright, et al.
Neil D. Sweeney, Baton Rouge, for Shelton Joseph Zenon.
Robert Lynn Manard, III, New Orleans, for Louise Carafa, et al.
Before YELVERTON, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
The National Railroad Passenger Corporation filed a motion in limine in this personal injury case requesting that none of the parties refer to the speed of a train on the ground that federal law preempted such a reference. The trial court granted the motion finding that state tort law claims for excessive train speed are preempted. Shelton Joseph Zenon filed a writ application with this court requesting the ability to discuss *2 train speed when it did not constitute a claim of negligence in and of itself. Our court denied the writ. Mr. Zenon appealed this court's decision to the Louisiana Supreme Court which granted the writ and remanded it to this court for further consideration. It is from this remand that we now provide full consideration and opinion on the writ application.
The prohibition against any mention or use of train speed articulated in the judgment of the trial court is overly broad. For that reason and for the additional following reasons, we reverse and remand.

I.

ISSUE
The issue presented for review is whether federal preemption precludes considerations of train speed to determine various theories of negligence other than solely speed under Louisiana law.

II.

FACTS
On July 28, 1992 Shelton Joseph Zenon approached a railroad track while driving a tractor-trailer. He attempted to look in both directions before crossing the track. Hearing and seeing nothing, Mr. Zenon proceeded across the tracks. After his tractor crossed the track, a National Railroad Passenger Corporation train struck the flatbed trailer. The train was proceeding at the legal speed limit before the accident occurred.

III.

LAW & DISCUSSION
The National Railroad Passenger Corporation asserts that the trial court's grant of the motion in limine should not be overturned. Since all state law causes of action based on train speed are preempted by federal law, National Railroad argues that no evidence regarding train speed should be admissible in this case. National Railroad cites CSX Transp., Inc., v. Easterwood, 507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993), in which the United States Supreme Court held that the federal regulations promulgated under the Federal Railroad Safety Act, 45 U.S.C.A. § 434 (West 1996), preempt state tort actions which assert that the speed of the train constitutes an alleged negligent act, as the basis of its argument.
In reaching its conclusion in Easterwood, the Supreme Court first examined the preemptive clause found in the Federal Railroad Safety Act which provides that federal regulations preempt those of a state unless the state necessarily adopts more stringent regulations to eliminate a local safety hazard. 45 U.S.C.A. § 434 (West 1996). The Court then found that 49 C.F.R. § 213.9 (1992) provides the maximum speeds for trains and that "§ 213.9(a) should be understood as covering the subject matter of train speed with respect to track conditions, including the conditions posed by grade crossings." Easterwood, 507 U.S. at 675, 113 S.Ct. at 1743.
As clearly expressed in National Railroad's brief, there is a large body of appellate and trial court decisions finding that state law excessive train speed claims are preempted when there is no evidence providing that the train's speed was in excess of federal regulations. See St. Louis Southwestern Ry. v. Pierce, 68 F.3d 276 (8th Cir. 1995); Watson v. Rail Link, Inc., 826 F.Supp. 487 (S.D.Ga.1993); Barlett v. Kansas City So. Ry., 854 S.W.2d 396 (Mo.1993); Armstrong v. Atchison, Topeka & Santa Fe R.R. Co., 844 F.Supp. 1152 (W.D.Tex.1994). A court of appeal cannot set aside findings of a trial court in absence of manifest error. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). As the trial court correctly found in this case, excessive train speed claims are preempted since both Mr. Zenon and National Railroad agree that the train's speed was within the federal limits.
However, Mr. Zenon does not intend to assert excessive train speed as a cause of action. He argues that he would like to introduce train speed as it relates to issues such as inadequacy of the warning system, dangerousness of the crossings, the reasonableness of the actions of the driver of the vehicle which was struck by the train, and the reasonableness of the actions of the railroad. *3 In asserting those arguments, Mr. Zenon should be wary of his use of train speed.
Although the Supreme Court chose not to address the preemptive effect on claims for "breach of related tort law duties, such as the duty to slow or stop a train to avoid a specific, individual hazard" subsequent cases have addressed that issue. Easterwood, 507 U.S. at 675, n. 15, 113 S.Ct. at 1743, n. 15. A "specific, individual hazard" cannot be a statewide problem. Bowman v. Norfolk S. Ry., Co., 832 F.Supp. 1014 (D.S.C.1993). A "specific, individual hazard" may entail any object that was not contemplated by the federal regulators who promulgated the Federal Railroad Safety Act and its regulations. Armstrong, 844 F.Supp. 1152. Examples of such objects include illegally and improperly parked tank cars which obstruct the view of a train engineer who fails to reduce the speed of the train despite the obstructions. Missouri Pac. Ry. Co. v. Lemon, 861 S.W.2d 501 (Tex.App.1993). Negligence claims which attempt to impose additional regulations on train speed, such as the train should have operated at a slower speed given the conditions posed by the track or the grade crossings, are preempted by the Federal Railroad Safety Act or its regulations. Armstrong, 844 F.Supp. 1152.
We are not suggesting that Mr. Zenon cannot discuss the speed of the train whatsoever while arguing his case. If the speed of the train constitutes National Railroad's act of negligence, then that claim is preempted. Easterwood, 507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387. Mr. Zenon may, however, introduce the speed of the train for illustrative purposes when arguing other issues revolving around the accident. In Lee v. Missouri Pac. R.R. Co., 540 So.2d 287 (La.1989), the Louisiana Supreme Court allowed a discussion of train speed to be used to determine the adequacy of warning signs at train crossings. In this case, train speed is admissible to the extent that Mr. Zenon wishes to present the speed of the train for illustrative purposes for claims other than one which asserts the speed of the train itself constituted an act of negligence.
In essence, the trial court also drew this conclusion. The pertinent portion of the trial court judgment reads as follows:
IT IS ORDERED, ADJUDGED AND DECREED that [named individuals and entities] be precluded from the introduction of any testimony, documentary evidence or reference to, or from making any mention of or from asking any questions, directly or indirectly, or from suggesting or arguing to the Court, in any manner whatsoever, concerning the speed of the train as it relates to the accident at issue or to present evidence or argue or suggest to the Court that the train crew was negligent because the train was traveling at the speed at which it was traveling at the time of the accident, or from producing evidence or arguing or suggesting to the Court that the Southern Pacific Transportation Company timetable speed at the subject crossing should have been reduced or from presenting evidence or arguing or suggesting to the Court that the condition of the crossing was such that the speed of the train should have been reduced in the train's approach to the crossing.
The finding that none of the parties to the suit may mention the "speed of the train as [it] relates to the accident at issue" is broader in scope than that contemplated by the Supreme Court in Easterwood. As we previously discussed, the Easterwood decision provided that train speed is preempted when the speed of the train constitutes the act of negligence in and of itself. The evidence in the record and the arguments provided in the briefs suggest that Mr. Zenon wishes to use evidence regarding the speed of the train only to prove aspects of the case unrelated to claims of negligence based on train speed. This sort of information is not preempted by federal law and may be mentioned in this case.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. This case is remanded to the trial court for proceedings consistent with the views expressed herein.
*4 All costs are assessed to the National Railroad Passenger Corporation.
REVERSED AND REMANDED.