752 So.2d 241 (1999)
Frederick D. CART, Craig A. Cart, Jody Cart Boone, Kay F. Cart, and Frederick D. Cart as Natural Tutor of Erin E. Cart, Ashley Cart and Meagan M. Cart
v.
MISSOURI PACIFIC RAILROAD COMPANY d/b/a Union Pacific Railroad Company and Southern Pacific Transportation Company.
No. 99-1118.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1999.
Rehearing Denied January 13, 2000.
Writ Denied April 7, 2000.
Elizabeth Sheridan Hardy, Lake Charles, LA, Clint D. Bischoff, Eunice, LA, for Frederick D. Cart, et al.
John Edmund McElligott, Jr., Lafayette, LA, for Missouri Pacific Railroad, et al.
DOUCET, Chief Judge.
The Plaintiffs appeal the trial court's action on a variety of motions including the grant of the Defendants'"Motion for Partial Summary Judgment and Motion in Limine Regarding Speed and Track Conditions." The trial court found that certain issues were preempted by federal law.
This suit arises out of an accident at a railroad crossing. Phyllis Cart was killed when the vehicle she was driving was hit by a train at a grade crossing. Her husband and six children filed wrongful death and survival actions against the Union Pacific Railroad Company (the railroad) which merged with Southern Pacific Transportation Company prior to the accident. The Defendants filed a "Motion for Partial Summary Judgment and Motion in Limine Regarding Speed and Track Conditions" wherein they sought to dismiss the Plaintiffs' claims and prevent the Plaintiffs from introducting evidence that:
1. The train crew was negligent in operating the train at an excessive rate of speed at the time of the accident;
2. The timetable speed established by the railroad was excessive at the accident location; and
3. The railroad mis-classified the track at the accident location.
Subsequent to the filing of the Defendants' motion, the Plaintiffs propounded requests for admissions. The Defendants objected to the motions and the Plaintiffs *242 moved to have them deemed admitted. The Plaintiffs also filed an opposition to the Defendants' motion for summary judgment, attaching the affidavit of Tommy Smith and other documents. The Defendants filed a motion to strike Smith's affidavit as well as a number of other exhibits submitted by the Plaintiffs. The Plaintiffs moved to be allowed additional discovery regarding the speed of the train and the condition of the track.
The trial court heard all the pending motions on November 9, 1998. The court rendered judgment denying the Plaintiffs' motion to have the requests for admissions deemed admitted and their request for additional discovery. The court further granted the railroad's motion to strike, its motion for summary judgment and its motion in limine regarding speed and track conditions. The Plaintiffs appeal.

PREEMPTION
The Defendants in their motion for summary judgment, and on appeal, argue that the Plaintiffs' claims of negligence regarding the speed of the train and the condition of the track are preempted by the Federal Railroad Safety Act, 45 U.S.C. §§ 421-447 (FRSA). As the U.S. Supreme Court stated in CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 661-62, 113 S.Ct. 1732, 1736, 123 L.Ed.2d 387 (1993) (footnote omitted):
FRSA was enacted in 1970 "to promote safety in all areas of railroad operations and to reduce railroad-related accidents, and to reduce deaths and injuries to persons...." 45 U.S.C. 421. To aid in the achievement of these goals, the Act specifically directs the Secretary of Transportation to study and develop solutions to safety problems posed by grade crossings. § 433. In addition, the Secretary is given broad powers to "prescribe, as necessary, appropriate rules, regulations, orders, and standards for all areas of railroad safety ...." § 431(a). The preemptive effect of these regulations is governed by § 434, which contains express saving and pre-emption clauses.
This court discussed the preemption in Western Co. of N.A. v. Dynasty Transp., Inc., 96-877, pp. 2-3 (La.App. 3 Cir. 5/7/97); 696 So.2d 1, 2:
The National Railroad Passenger Corporation asserts that the trial court's grant of the motion in limine should not be overturned. Since all state law causes of action based on train speed are preempted by federal law, National Railroad argues that no evidence regarding train speed should be admissible in this case. National Railroad cites CSX Transp., Inc., v. Easterwood, 507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993), in which the United States Supreme Court held that the federal regulations promulgated under the Federal Railroad Safety Act, 45 U.S.C.A. § 434 (West 1996), preempt state tort actions which assert that the speed of the train constitutes an alleged negligent act, as the basis of its argument.
In reaching its conclusion in Easterwood, the Supreme Court first examined the preemptive clause found in the Federal Railroad Safety Act which provides that federal regulations preempt those of a state unless the state necessarily adopts more stringent regulations to eliminate a local safety hazard. 45 U.S.C.A. § 434 (West 1996). The Court then found that 49 C.F.R. § 213.9 (1992) provides the maximum speeds for trains and that " § 213.9(a) should be understood as covering the subject matter of train speed with respect to track conditions, including the conditions posed by grade crossings." Easterwood, 507 U.S. at 675, 113 S.Ct. at 1743.
As clearly expressed in National Railroad's brief, there is a large body of appellate and trial court decisions finding that state law excessive train speed claims are preempted when there is no evidence providing that the train's speed was in excess of federal regulations. See St. Louis Southwestern Ry. v. Pierce, 68 F.3d 276 (8th Cir.1995); Watson v. Rail Link, Inc., 826 F.Supp. 487 *243 (S.D.Ga.1993); Barlett v. Kansas City So. Ry. [Co.], 854 S.W.2d 396 (Mo.1993); Armstrong v. Atchison, Topeka & Santa Fe R.R. Co., 844 F.Supp. 1152 (W.D.Tex. 1994).
The Plaintiffs herein argue that this line of cases is distinguishable from their claim. They argue that, while officially classified as class four, the track is not actually in a condition to qualify for that classification. Therefore, they contend that their claim that the train was traveling too fast for the condition of the track is not preempted.
The court in Easterwood, 507 U.S. at 664-65, 113 S.Ct. at 1737-38, stated the following with regard to preemption:
According to § 434, applicable federal regulations may pre-empt any state "law, rule, regulation, order, or standard relating to railroad safety." Legal duties imposed on railroads by the common law fall within the scope of these broad phrases. Cf. Cipollone v. Liggett Group, Inc., 505 U.S. 504, 522, 112 S.Ct. 2608, 2620, 120 L.Ed.2d 407 (1992) (federal statute barring additional "`requirement[s]'... `imposed under State law'" pre-empts common-law claims); id., at 548-549, 112 S.Ct. at 2634 (SCALIA, J., concurring in judgment in part and dissenting in part) (same). Thus, the issue before the Court is whether the Secretary of Transportation has issued regulations covering the same subject matter as Georgia negligence law pertaining to the maintenance of, and the operation of trains at, grade crossings. To prevail on the claim that the regulations have pre-emptive effect, petitioner must establish more than that they "touch upon" or "relate to" that subject matter, cf. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383-384, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992) (statute's use of "relating to" confers broad pre-emptive effect), for "covering" is a more restrictive term which indicates that pre-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law. See Webster's Third New International Dictionary 524 (1961) (in the phrase "policy clauses covering the situation," cover means "to comprise, include, or embrace in an effective scope of treatment or operation"). The term "covering" is in turn employed within a provision that displays considerable solicitude for state law in that its express pre-emption clause is both prefaced and succeeded by express saving clauses. See supra, [113 S.Ct.] at 1736.
Therefore, here, as in Easterwood, at 665, 113 S.Ct. at 1738, preemption depends on "whether the regulations issued by the Secretary cover the subject matter" of the Plaintiffs' allegations, i.e., track classification. The Secretary of Transportation has addressed track safety standards and classification at 49 C.F.R. §§ 213.1-213.369, through a comprehensive series of regulations. Those regulations in fact provide that they will have a preemptive effect at § 213.2, as follows:
Under 49 U.S.C. 20106, issuance of these regulations preempts any State law, regulation, or order covering the same subject matter, except an additional or more stringent law, regulation, or order that is necessary to eliminate or reduce an essentially local safety hazard; is not incompatible with a law, regulation, or order of the United States Government; and that does not impose an unreasonable burden on interstate commerce.
Further, the regulations fully cover track maintenance, condition, inspection, classification and enforcement. We find that these regulations preclude the state from imposing its own classifications on tracks subject to the FRSA and the above referenced regulations. The Plaintiffs, in a reply brief, argue that three post-Easter-wood cases[1], narrow the scope of the preemption, *244 and allow for rejection of the preemption where there is a failure to comply with the federal regulations. However, none of these cases addresses preemption of the Federal Railway Safety Act, and we can find no cases which so interpret that act's preemptive provisions. Therefore, we find no error in the trial court's determination that no material issue of fact remains but that the subject matter of the Plaintiffs' claims has been preempted by federal law. However, as in Easterwood, we do not address the preemptive effect of the statute on such claims as "breach of related tort duties, such as the duty to slow or stop a train to avoid a specific individual hazard." Easterwood, 507 U.S. at 675, n. 15, 113 S.Ct. at 1743, n. 15. See also Western Co. of N.A., 96-877; 696 So.2d 1.
Having so found, we find no error in the trial court's exclusion of Plaintiffs' affidavits and exhibits which concern the condition and classification of the track, as well as the court's denial of further discovery in this regard.

CONCLUSIONS
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiffs/Appellants.
AFFIRMED.
NOTES
[1] The Plaintiffs cite Sylvester v. Mentor Corp., 663 So.2d 176 (La.App. 3 Cir.1995), writ denied, 667 So.2d 1052 (La.1996); Medtronic v. Lohr, 518 U.S. 470, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) and Rushing v. Kansas City Ry. Co., 185 F.3d 496 (5th Cir.1999).